(77 South. 895)

No. 22694.

ST. LOUIS UNION TRUST CO. v. SHREVEPORT ICE & BREWING CO. (PEOPLE'S BANK OF MOBILE, ALA., Intervener).

In re PEOPLE'S BANK OF MOBILE, ALA.

(Jan. 3, 1918. Rehearing Denied Feb. 25, 1918.)

*(Syllabus by the Court.)*

MORTGAGES ⬦⟲499 — EXECUTORY PROCESS — RIGHT OF CREDITOR.

An ordinary creditor may not proceed by rule to set aside an order of executory process, to which proceeding he is not a party.

Executory process by the St. Louis Union Trust Company against the Shreveport Ice & Brewing Company, in which the People's Bank of Mobile, Ala., intervener, took a rule against plaintiff to show cause why the order granting the process should not be vacated and set aside. Plaintiff's exception to the rule sustained and rule discharged, and the intervener applied for writs of mandamus and prohibition. Application denied.

Blanchard & Smith and Goldstein & Walker, all of Wilkinson, for relator. Alexander & Wilkinson, of Shreveport, for respondent.

SOMMERVILLE, J. June 5, 1917, plaintiff caused an order for executory process to issue against property belonging to defendant. June 6th the People's Bank of Mobile took a rule against plaintiff to show cause why the order granting the said executory process should not be vacated and set aside. Plaintiff in rule alleged itself to be an ordinary creditor of defendant, and that there was insufficient authentic evidence in the record for the issuance of the executory process.

On the return day, plaintiff filed an exception to the rule taken by intervener, showing that a summary proceeding in such case is not authorized by law, and that an order for executory process could be set aside only by an injunction or appeal.

The district judge sustained the exception and discharged the rule.

The intervening bank has applied to this court for a writ of mandamus, directed to the district judge, commanding him to hear and determine, on its merits, the aforesaid rule obtained by relator, and for a writ of prohibition, directed to the plaintiff in executory process and to the sheriff of the parish, restraining and prohibiting them from proceeding with the sale of the property involved during the pendency of this application.

The ruling is correct. The only question presented by plaintiff in rule, the intervener, in this executory proceeding, is whether or not there was sufficient authentic evidence to sustain the writ. Intervener is not made a party to the order of seizure and sale, and it is without interest therein. It is an ordinary creditor of defendant; and, if plaintiff's mortgage be first in rank, the sale cannot affect the intervener's rights.

The summary proceeding by rule by intervener to set aside an order of executory process is irregular; and it was properly discharged.

The writ issued in this case is recalled, and the application of relator is denied, at its costs.